IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BODYGUARD PRODUCTIONS,<br><br>      Plaintiff,<br><br>v.<br><br>DOES 1-25,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART [66] MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Case No. 2:18-cv-00026-DN<br><br>District Judge David Nuffer |

Plaintiff obtained default against Doe Defendants 3 (Mohammed Jamal – IP 45.56.63.32), 6 (Andranek Manukyan – IP 209.181.150.142), 13 (Corbin Roper - IP 45.56.3.195), 14 (Alexander Hamilton – IP 45.56.8.81), 15 (Corey Adams – IP 24.10.187.159), 16 (Reda Jamal – IP 45.56.23.56), and 20 (Josh Solt – IP 24.2.81.253) (collectively, the "Defaulted Defendants").[1] Plaintiff now seeks an award of its reasonable attorneys' fees and costs incurred in obtaining default judgement as provided under 17 U.S.C. § 505. Plaintiff filed a Motion,[2] supported by the Declaration of counsel,[3] requesting an award of $2,546.00 in attorneys' fees against each Defaulted Defendant.[4] The Motion also requested an award of $131.00 in costs against each Defaulted Defendant, except Doe Defendant 6 (Andranek Manukyan – IP 209.181.150.142) where only $51.00 is requested.[5]

---

[1] Order and Memorandum Decision at 10, docket no. 64, filed Nov. 8, 2018.

[2] Plaintiff's Motion for Attorney's Fees and Costs as to Certain Defendants ("Motion"), docket no. 66, filed Nov. 26, 2018.

[3] Declaration in Support of Motion for Attorney's Fees and Costs as to Certain Defendants ("Declaration"), docket no. 67, filed Nov. 26, 2018.

[4] Motion at 2; Declaration ¶ 12.

[5] Motion at 2; Declaration ¶ 14.

After careful review of Plaintiff's Motion and supporting Declaration, and consideration of the complexity of the case, the work performed and the record, under the appropriate legal standards, Plaintiff is awarded $1,400.40[6] in attorneys' fees against each Defaulted Defendant. And Plaintiff is awarded $131.00 in costs against each Defaulted Defendant, except Doe Defendant 6 (Andranek Manukyan – IP 209.181.150.142) where only $51.00 is awarded.

## DISCUSSION

To determine a reasonable attorneys' fee, a "lodestar" figure is arrived at "by multiplying the hours . . . counsel reasonably spent on the litigation by a reasonable hourly rate."[7] Factors for determining the reasonableness of the hours billed for a given task or to prosecute the litigation as a whole include: the complexity of the case; the number of reasonable strategies pursued; the responses necessitated by the maneuvering of the other side; and the potential duplication of services.[8]

The reasonable hours awarded may be reduced if "the number of compensable hours claimed by counsel includes hours that were unnecessary, irrelevant and duplicative."[9] Reduction is also justified "if the attorney's time records are sloppy and imprecise and fail to document adequately how [the attorney] utilized large blocks of time."[10] But there is no requirement that each disallowed hour be identified and justified.[11] Nor is there any requirement to specify the number of hours permitted for each legal task.[12] Instead, a method of general

---

[6] ((0.19 + (4.91 / 2)) x $395) + ((1.45 + (2.79 / 2)) x $125) = $1,432.80.

[7] *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (internal quotations omitted).

[8] *Id.* at 1250.

[9] *Id.* (internal quotations and punctuation omitted).

[10] *Id.* (internal quotations omitted).

[11] *Id.*

[12] *Id.*

reduction to the hours claimed may be implemented in order to achieve a reasonable number, "so long as there is sufficient reason for [the method's] use."[13]

Plaintiff requests an award of $ 2,546.19in attorneys' fees against each Defaulted Defendant.[14] Plaintiff reached this amount by apportioning the Defaulted Defendants a pro-rata share of the total hours billed by Plaintiff's counsel and his legal assistant.[15] Counsel's Declaration breaks down the hours billed as follows:[16]

|  | Attorney Todd Zenger | | Legal Assistant | |
| --- | --- | --- | --- | --- |
|  | Total | Pro-rata | Total | Pro-rata |
| Hours billed for legal work attributable to all 25 Doe Defendants (*i.e.,* work prior to the Defaulted Defendants' default)[17] | 4.80 | 0.19 | 36.20 | 1.45 |
| Hours billed for legal work attributable to only the Defaulted Defendants (*i.e.*, work following the Defaulted Defendants' default)[18] | 34.40 | 4.91 | 19.50 | 2.79 |
| **Total hours billed for case** | **38.20** | **5.1** | **55.70** | **4.24** |

It is unnecessary to address specific billing entries in counsel's Declaration. "[A]n overly particularized approach 'is neither practical nor desirable.'"[19] "What *is* 'important is the discretionary determination by the district court of how many hours, in its experience, should

---

[13] *Id*. (internal quotations and punctuation omitted).

[14] Motion at 2; Declaration ¶ 12.

[15] Declaration ¶¶ 10-11.

[16] *Id*.

[17] This legal work included initial preparatory work on the case; drafting the Complaint; drafting the motion for expedited discovery; drafting subpoenas and reviewing discovery; drafting summonses and coordinating service; and drafting a notice letter to the Doe Defendants and reviewing their responses. *Id*.

[18] This legal work included drafting settlement letters to the Defaulted Defendants; drafting the motions for entry of default and for default judgment; and drafting the Motion for attorneys' fees and costs and counsel's Declaration. *Id*.

[19] *Sheldon v. Vermonty*, 107 Fed. App'x 828, 834 (10th Cir. 2004) (quoting *Case*, 157 F.3d at 1250).

have been expended on the specific case.'"[20] Considering the complexity of this case, the work performed and the record, the number of hours billed by counsel and his legal assistant for work performed following the default of the Defaulted Defendants is not reasonable. A general reduction of the hours billed for this portion of the work is warranted.

This case involves claims of copyright infringement.[21] Plaintiff alleges that unauthorized copies of its copyrighted work, *The Hitman's Bodyguard*, were made via use of a BitTorrent protocol at certain IP addresses.[22] The case is one of several similar cases filed by Plaintiff and Plaintiff's counsel in the District of Utah. In total, Plaintiff's counsel has filed 55 similar cases—4 of which were filed on behalf of Plaintiff regarding *The Hitman's Bodyguard*.

Each of these cases—including this case—follows the same general pattern. The plaintiff files a complaint against Doe Defendants identified only by an IP address. The plaintiff then files a motion for expedited discovery to obtain the names and addresses of the IP addresses' subscribers from their internet service providers. Subpoenas are issued to the internet service providers, who respond by providing the subscribers' identifying information. The plaintiff then serves the subscribers and attempts to negotiate a resolution. The plaintiff's claims against the vast majority of the subscribers are resolved through voluntary dismissal, consent judgment, or default judgment.

The amount of legal work necessary to investigate, identify, locate, and serve the multitude of defendants in these cases is real. However, the pleading and motion practice are formulaic, requiring little or no substantive alteration to template documents used by counsel. For example, counsel filed at least one nearly identical motion for entry of default in 22 of the 26

---

[20] *Id*. (quoting *Case*, 157 F.3d at 1250) (emphasis in original).

[21] Complaint for Copyright Infringement ¶¶ 1, 38-49, docket no. 2, filed January 10, 2018.

[22] *Id*. ¶¶ 4, 13, 20-21, 26, 41-43, Ex. B.

cases involving Plaintiff and filed at least one nearly identical motion for default judgment in 21 of the cases involving Plaintiff. The only differences between the motions in each case are the caption, the defaulting subscriber's identifying information, and references to docket numbers and service and filing dates.

Counsel's Declaration indicates that he billed 19.7 hours and his legal assistant billed 19.0 hours for legal work relating to the motions for entry of default and default judgment regarding the Defaulted Defendants in this case.[23] This is greater than the number of hours expected given counsel's exhibited use of templates for these motions. The hours billed by counsel and his legal assistant for this work are not reasonable.

This is not meant to suggest that counsel inflated the raw time it took to perform the various legal tasks in this case. Rather, the issue is one of billing judgment in the context of an attorneys' fees award. "Because not all hours expended in litigation are normally billed to a client, [counsel] should exercise billing judgment with respect to a claim of the number of hours worked."[24] "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended."[25] Based on the complexity of this case, the work performed and the record, a fifty percent (50%) reduction of the hours billed by Plaintiff's counsel and his legal assistant for legal work *following the default of the Defaulted Defendants* is appropriate to achieve a reasonable attorneys' fee award.

Counsel and his legal assistant's billing rates—$395 per hour and $125 per hour respectively[26]—are reasonable considering the fees customarily charged in the locality for

---

[23] Declaration ¶¶ 10-11.

[24] *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (internal quotations omitted).

[25] *Case*, 157 F.3d at 1250.

[26] Declaration ¶¶ 6-7.

similar legal services. Additionally, Plaintiff's requested award of $131 for costs against each Defaulted Defendant—except Doe Defendant 6 (Andranek Manukyan – IP 209.181.150.142) where only $51 is requested —is reasonable and properly supported.[27] Therefore, Plaintiff is awarded $1,432.80[28] in attorneys' fees against each Defaulted Defendant. And Plaintiff is awarded $131 in costs against each Defaulted Defendant, except Doe Defendant 12 (Kristie Pendleton – IP 67.177.9.147).

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion[29] is GRANTED in part. Plaintiff is awarded $1,400.40 in attorneys' fees against each Defaulted Defendant. And Plaintiff is awarded $131.00 in costs against each Defaulted Defendant, except against Doe Defendant 6 (Andranek Manukyan – IP 209.181.150.142) where only $51.00 is awarded. An amended judgment will enter to reflect this award.

The Clerk is directed to close the case.

Signed September 26, 2019.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[27] Motion at 2; Declaration ¶ 14, Exs. B-C.

[28] $((0.19 + (4.91 / 2)) \times \$395) + ((1.45 + (2.79 / 2)) \times \$125) = \$1,432.80$.

[29] Plaintiff's Motion for Attorney's Fees and Costs as to Certain Defendants, docket no. 66, filed Nov. 26, 2018.